THOMAS F. FRIEDBERG, ESQ. (#110439)
**LAW OFFICES OF FRIEDBERG & BUNGE**
1005 ROSECRANS STREET, SUITE 202
P.O. BOX 6814
SAN DIEGO, CA 92166-0814
(619) 557-0101

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BRUMER | **CASE NO. 23-cv-3064** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| v. | |
| PRINCESS CRUISE LINES, LTD. | |
| Defendant. | |

Plaintiff, LAWRENCE BRUMER, alleges as follows:

1. This suit herein arises and is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1333(1) under the Court's admiralty and maritime jurisdiction.

2. Plaintiff is, and at all times herein mentioned was, a citizen and resident of the County of Los Angeles, State of California.

3. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD (hereinafter referred to as "PRINCESS") is, and was, a citizen and corporation and has their principal place of business in the State of California, and was transacting business within the County of Los Angeles, State of the State of California.

4. At all times herein mentioned Defendant, PRINCESS, unilaterally inserted in its

cruise line ticket a forum selection clause that requires its passengers asserting personal injuries to litigate those claims in the United States District Court for the Central District of California, and if no there is no basis for federal jurisdiction, in the Courts of the Superior Court of the County of Los Angeles. In this case, both Plaintiff and Defendants are citizens of the State of California and there is no diversity of citizenship in order to bring this action in Federal Court.

5. Defendant PRINCESS, by and through its attorney, have agreed and stipulated that Plaintiff may file this action in the District Court of the State of California, Southern District, through and including May 15, 2023 and that PRINCESS will not assert that the District Court action was filed more than 1 year from the date of the incident. In exchange, Plaintiff will file a request for dismissal of the timely filed Superior Court lawsuit that was filed against PRINCESS in the Superior Court of the State of California, County of Los Angeles, on March 21, 2023, Case Number 23CHCV00816. Attached as Exhibit "A" is a letter signed by Dana Berger, Director of Claims Management for Princess confirming that the time to file suit against Princess in this matter has been extended to May 15, 2023.

6. Defendant, PRINCESS, at all times herein mentioned, either itself or through its designated agents:

  a. Operated, conducted engaged in or carried on a business venture in the State of California and specifically the County of Los Angeles and had an office within the County of Los Angeles, State of California.

  b. Was engaged in substantial activity within the County of Los Angeles, State of California.

  c. Operated vessels in the waters of the State of California.

  d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the State, thereby obtaining the benefits and protections of the State's laws.

  e. The cruise line ticket for Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

7. At all times mentioned herein, Defendant, PRINCESS, was, and is, a for profit

1  corporation with its worldwide headquarters, principal address and principal place of business located within the County of Los Angeles, State of California.

8. At all times mentioned herein, Defendant, PRINCESS, was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world, including Los Angeles, Mexico, Florida and the Caribbean.

9. At all times herein mentioned, Defendant, derived its revenue from cruises originating and terminating in various ports throughout the world including Los Angeles and the Mexican Riviera.

10. At all times herein mentioned, Defendant, PRINCESS, operated, managed, maintained, supervised, chartered and/or controlled a large commercial vessel named *Majestic Princess*.

11. At all times herein mentioned, Defendant, PRINCESS, transported fare paying passengers aboard its vessel, *Majestic Princess*.

12. At all times herein mentioned, Plaintiff LAWRENCE BRUMER was a fare paying passenger and lawfully aboard the vessel *Majestic Princess*. Plaintiff had boarded the *Majestic Princess* in Los Angeles, California for a 7 day cruise to the Mexican Riviera that left on April 2, 2022.

13. On or about April 2, 2022, Plaintiff LAWRENCE BRUMER, embarked from Florida for cruise to the Mexican Riviera aboard the *Majestic Princess*, a cruise ship registered in Bermuda, and owned, operated, maintained, repaired and otherwise controlled by Defendants, PRINCESS. The *Majestic Princess* is a 143,700 ton cruise ship with a capacity for 3,560 passengers that was designed, manufactured, built and delivered to PRINCESS, in 2017 and has been used for cruises between various ports worldwide, including from Los Angeles to the Mexican Riviera. Plaintiff was booked for a 7 night cruise (Voyage 8214) from Los Angeles to the Mexican Riviera to the Eastern Caribbean and was assigned Cabin B727.

14. On or about April 7, 2022, at or near 12:00 pm, while aboard the *Majestic Princess*, Plaintiff LAWRENCE BRUMER was on Deck 11, near Cabin B727, when he tripped and fell on a portion of the housekeeping cart that was left abandoned in the hallway and impeding access to

passengers intending to use the hallway. Specifically, outside Cabin B727, there are handrails on one side of the hallway. There are no handrails on the other side. Due to the size of the cart and the width of the hallway, the housekeeping carts should not to be placed on the side of the hallway with the handrails, and instead should to be placed on the side of the hallway without the handrails. The reason is that when the housekeeping cart is placed on the side of hallway with the handrails protruding from the wall, there is not sufficient room or access for passengers to walk in the hallway without the reasonable likelihood of a trip and fall incident with a portion of the protruding housekeeping cart. The housekeeping cart was not in use at the time of this incident and had been abandoned in the hallway against the side of hallway with the handrail in such a manner as to create a dangerous condition due to a foreseeable risk of harm to passengers walking the hallway, including Plaintiff. While traversing the hallway, at the above described location, Plaintiff tripped and fell as a result of the hereinabove described dangerous condition.

15. Plaintiff is informed and believes that while Plaintiff was lawfully and rightfully on the *Majestic Princess*, Defendant negligently and carelessly owned, managed, possessed, inspected, maintained, operated, designed, planned, developed and otherwise controlled the *Majestic Princess* so as to create a foreseeable risk of harm for persons invited onto the *Majestic Princess*, including Plaintiff, by placing or abandoning the housekeeping cart on the side of the hallway with handrails as opposed to the other side that did not have handrails, thereby limiting passenger access and increasing the foreseeable likelihood that passengers would encounter a portion of the housekeeping cart and trip or fall for passengers such as Plaintiff, as hereinabove alleged and creating a foreseeable risk of harm.

16. That foreseeable risk of harm created by the negligence and carelessness of Defendants, as hereinabove alleged, was known, or in the exercise of ordinary and/or reasonable care, should have been known to Defendant in an adequate and sufficient time for a reasonably prudent person under the same or similar circumstances as Defendant to warn persons, including Plaintiff, of the hereinabove alleged foreseeable risk of harm, or to take measures to prevent such foreseeable risk of harm.

17. Plaintiff is informed and believes, and based thereupon alleges:

     a.    Defendant had duty of care to provide Plaintiff with reasonable care under the circumstances;

     b.    On or about April 7, 2022, Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants or employees in creating a foreseeable risk of harm as hereinabove alleged;

     c.    Defendant knew or should have known of the dangerous condition that created a foreseeable risk of harm, but did not prevent its employees from parking or abandoning housekeeping carts on the side of the hallway with handrails, as opposed to the opposite side which would have allowed for greater passenger access in the hallway and substantially lessened the likelihood of a trip and fall incident.

     d.    Defendant failed to comply with industry standards with regard to the policy of leaving or abandoning carts in the passenger hallways as described above so as to create a dangerous condition;

     e.    Defendant failed to provide adequate training, instruction and or supervision of its crew and/or staff members in terms parking or abandonment of housekeeping carts in the passenger hallways as described above so as to create a dangerous condition;

     g.    Defendant failed to provide a reasonable safe condition for Plaintiff during her voyage aboard the *Majestic Princess*.

18. Plaintiff is informed and believes, and based thereupon alleges, that all of the foregoing alleged acts of omissions were negligent and careless and directly and proximately caused Plaintiff to trip and fall, as herein alleged, thereby suffering severe and debilitating injuries and damages, as hereinafter alleged.

19. As a direct and proximate result of the negligence and carelessness of Defendant, PRINCESS, as hereinabove alleged, Plaintiff, LAWRENCE BRUMER was hurt and injured in his health, strength and activity, in all parts of his body, and sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental,

physical and nervous anxiety, and pain and suffering. Plaintiff, LAWRENCE BRUMER is informed and believes, and based thereupon alleges, that such injuries will result in some permanent disability to plaintiff, all to his general damage, in an amount to be proven at time of trial. Plaintiff is informed and believes, and based thereupon alleges, that the amount in controversy herein is in excess of Seventy-Five Thousand Dollars ($75,000.00) and within the jurisdiction of this Court.

20. As a further direct and proximate result of the negligence and carelessness of Defendant, PRINCESS, as hereinabove alleged, plaintiff, LAWRENCE BRUMER was required to, and did, employ physicians, surgeons and therapists to treat and care for him and did sustain an expense for such medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care, for which plaintiff has incurred liability in an amount as yet unascertained. Plaintiff, LAWRENCE BRUMER prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

21. Plaintiff, LAWRENCE BRUMER is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the negligence and carelessness of Defendant, PRINCESS, he will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom. Plaintiff, LAWRENCE BRUMER prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all such additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

22. As a further direct and proximate result of the negligence and carelessness of Defendant, PRINCESS, as hereinabove alleged, Plaintiff, LAWRENCE BRUMER became incapacitated and prevented from following his usual occupation for an undetermined period of time; and as a result thereof, plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiff, LAWRENCE BRUMER prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

///

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages in an amount within the jurisdiction of this Court and in excess of $75,000.00, and in an amount to be proven at time of trial;

2. For medical and related expenses, past, present and future, all in an amount to be proven at time of trial;

3. For loss of earnings and earning capacity and ability, past, present, future, and other financial losses, all in an amount to be proven at time of trial;

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court may deem just and proper.

DATED: April 23, 2023   **LAW OFFICES OF FRIEDBERG & BUNGE**

BY: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ.
Attorneys for Plaintiff

**DEMAND FOR JURY**

Plaintiff hereby demands a jury trial pursuant to Rule 38, of the Federal Rules of Practice.

Dated : April 23, 2023   **LAW OFFICES OF FRIEDBERG & BUNGE**

BY: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ.
Attorneys for Plaintiff